J-S21012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEAN HANTON, | |
| Appellant | No. 334 EDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009933-2011

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 10, 2015**

Deon Hanton appeals from the judgment of sentence of six to twelve years imprisonment that the trial court imposed after he was convicted of aggravated assault, three violations of the Uniform Firearms Act ("VUFA"), and possession of an instrument of crime ("PIC").  We affirm.

The trial court provided a comprehensive review of the proof adduced in support of the described convictions:

> On June 15th, 2011, at about 11:45 p.m., in the area of 59th Street and Lansdowne Avenue in Philadelphia, Hakeem McGill saw and spoke briefly with the defendant.  Both men had attended seventh grade at Richard Allen Charter School.  As the men were about to go their separate ways, McGill asked if the defendant needed any marijuana.  The defendant declined the offer and McGill began to walk home.
>
> Soon thereafter, the defendant yelled at McGill and asked if he was selling four bags of marijuana for fifteen dollars.  When McGill indicated he was, the defendant pulled a gun out of the track bag he was carrying and pointed it at McGill.  The

---

* Retired Senior Judge assigned to the Superior Court.

defendant ordered McGill to give him the marijuana. As McGill attempted to grab the gun from defendant, the defendant stepped back and shot McGill in the leg. McGill immediately ran away; while he was running he heard the defendant fire a second shot. McGill ran to 1703 Edgewater Street where [he] encountered a woman in her car whom he requested call his mother and 911.

At approximately 11:50 p.m., in response to a radio call, Police Officer Sokha Soy arrived at 1703 North Edgewood Street. Officer Soy found McGill sitting on the steps to the residence. Officer Soy observed that McGill had a gunshot wound to his left ankle. McGill explained that he had been shot on the 5900 block of Lansdowne Avenue, about three blocks away. McGill was transported to the University of Pennsylvania hospital. McGill was treated for a perforating gunshot wound to his left ankle.

On June 16, 2011, at approximately 3:30 a.m., Detective Robert Conway picked McGill up from the hospital and took him to the crime scene at 59th Street and Lansdowne Avenue. McGill directed Detective Conway to the area where he was shot. In the schoolyard near a dumpster Detective Conway found one 45-caliber fired shell casing, a black knit hat, three Ziploc packets of marijuana and some beer cans. Across the street from the casing, in front of 1534 North 59th Street, Detective Conway found a jacket belonging to McGill.

That same day, at about 2:00 p.m., Detective Orlando Ortiz showed McGill a series of photographs. McGill identified the defendant. Later that evening, at 10:25 p.m., McGill gave a formal statement to police. During this statement, McGill identified the defendant from a photo array, which contained a more recent photo of the defendant than the one he was previously shown.

Trial Court Opinion, 3/12/14, at 2-3 (citations to record omitted). Police

obtained an arrest warrant for Appellant. On July 6, 2011, Philadelphia

Police Officer Michael Alice saw and recognized Appellant, who was on the

600 block of North Union Street. Appellant fled when Officer Alice attempted

to effectuate an arrest. The officer pursued Appellant, who entered a house located at 659 Union Street. After Appellant was forcibly evicted by its occupants, the officer took him into custody.

Based on this evidence, a jury convicted Appellant of first-degree felony aggravated assault, carrying an unlicensed firearm, carrying a firearm on a public street or property in Philadelphia, and PIC. The trial court then found Appellant guilty of persons not to possess a firearm. Appellant proceeded to sentencing on December 19, 2013, when he received an aggregate term of six to twelve years incarceration in this matter. This appeal followed. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, but Appellant failed to comply with that directive. Upon his petition, we subsequently remanded for the filing of a statement *nunc pro tunc*. This document in question was filed, and the matter is now ready for resolution. Appellant raises the following allegations on appeal:

> 1. Was not the evidence insufficient to convict appellant of aggravated assault, graded as a felony of the first degree, where the evidence did not support a finding that appellant attempted to cause serious bodily injury because he kept his gun pointed down towards the ground during the incident, shot the complainant once in the ankle and never verbally threatened the complainant in any way?
>
> 2. Was not the appellant's sentence invalid where it was based on an unconstitutional mandatory minimum statute, specifically, 42 Pa. C.S. § 9712 [,which pertains to] Sentences for offenses committed with firearms, that has been rendered void and unenforceable pursuant to ***Commonwealth v. Newman***, 2014 WL 408805 (August 20, 2014) (*en banc*) and

*Commonwealth v. Valentine*, 2014 WL 4942256 (Pa. Super. October 3, 2014)?

Appellant's brief at 4.

Appellant's first position is that the evidence was insufficient to support a conviction under 18 Pa.C.S. § 2702(a)(1), a first-degree felony, and that, instead, his "actions constitute an aggravated assault, graded as felony of the second degree under 270[2](a)(4)." Appellant's brief at 16. We first set forth the pertinent standard and scope of review as to this claim:

> "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Murray*, __ Pa. __, 83 A.3d 137, 151 (2013). We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. *Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa.Super. 2014).
>
> > In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the

> evidence produced, is free to believe all, part or none
> of the evidence.

> *Id*.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-93 (Pa.Super. 2015).

The pertinent portions of § 2702 are as follows:

> **(a) Offense defined.--**A person is guilty of aggravated assault
> if he:
>> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>> . . . .
>>
>> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S. § 2702.  "Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree." 18 Pa.C.S. § 2702(b). Serious bodily injury is defined by the Crimes Code as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S. § 2301.

In this case, Appellant maintains that he did not cause the victim serious bodily injury and that the Commonwealth failed to prove that he attempted to cause such injury.  It is established that, "Where the injury actually inflicted did not constitute serious bodily injury, the charge of

aggravated assault can be" sustained only when the evidence supports a finding the defendant's actions toward the victim were "accompanied by the intent to inflict serious bodily injury." *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978); *see also Commonwealth v. Matthew*, 909 A.2d 1254 (Pa. 2006).

When we examine "whether [the] evidence established intent to cause serious bodily injury," that inquiry "must be determined on a case-by-case basis. Because direct evidence of intent is often unavailable, intent to cause serious bodily injury may be shown by the circumstances surrounding the attack." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa.Super. 2007) (citations omitted); *see also Matthew*, *supra*; *Commonwealth v. Fortune*, 68 A.3d 980 (Pa.Super. 2013) (*en banc*).

Appellant maintains that he did not commit first-degree felony aggravated assault because he "neither aimed his gun at the complainant's vital organs nor verbally threatened the complainant in any way. Throughout the course of their interaction, [Appellant] kept the gun pointed at the complainant's feet." Appellant's brief at 15-16. Acknowledging that the victim reported that a second shot was fired at him as he fled, Appellant insists that no inference can be made either that he fired the shot or that it was aimed at the victim.

We reject Appellant's sufficiency claim. Mr. McGill stated that Appellant removed a gun from a bag that he was carrying and pointed it at him. When the victim tried to grab the gun, Appellant stepped backward and shot at the victim's leg. The bullet struck his ankle, but Mr. McGill managed to run. As he was running, the victim heard Appellant firing a second shot. When a defendant shoots in a person's direction, regardless of whether the gun is aimed at the head or torso, such conduct evidences intent to cause serious bodily injury. *Commonwealth v. McCalman*, 795 A.2d 412 (Pa.Super. 2002) (defendant's convictions of aggravated assault under § 2702(a)(1) upheld when he shot in direction of the victims, even though no bullets struck them); *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa.Super. 2001) ("Even though [the victim] was not struck by any bullets, the act of firing a gun toward him constitutes an attempt to cause serious bodily injury."); *see also Commonwealth v. Matthews*, 870 A.2d 924, 929 (Pa.Super. 2005), *aff'd on other grounds sub nom. Commonwealth v. Matthew*, 909 A.2d 1254 (Pa. 2006) ("[I]n instances where the defendant has both drawn and fired (or drawn and misfired) a gun, we have consistently held" that the Commonwealth has demonstrated that the defendant attempted to inflict serious bodily injury for purposes of § 2702(a)(1).). In this case, Appellant shot at Mr. McGill's leg, striking him in the ankle. The inferences from the evidence establish that Appellant fired a

second shot in the direction of the victim as the victim was fleeing. Hence, we reject his challenge to the sufficiency of the evidence as to aggravated assault.

Appellant next maintains that he was sentenced under a statute declared unconstitutional in **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151 (2013), **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) and **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014); **see also Commonwealth v. Ferguson**, 107 A.3d 206 (Pa.Super. 2015). Specifically, he suggests that his aggravated-assault sentence was premised upon application of 42 Pa.C.S. § 9712, which imposes a mandatory minimum sentence of five years incarceration on offenses committed when the defendant visibly possessed a firearm during the offense and when the defendant placed the victim in reasonable fear of death or serious bodily injury. This statute is unconstitutional under the noted case law.

Appellant's position fails because the sentencing court herein did not apply that statute. The sentencing in question occurred on December 19, 2013, and review of that transcript establishes that no one even mentioned § 9712. Instead, the court expressly stated that it was not applying any mandatory minimum sentence due to the firestorm created by the **Alleyne** decision, which held that a defendant's right to a jury determination beyond

a reasonable doubt applies to any fact required to apply a mandatory minimum.

When he committed these crimes, Appellant was on probation for committing the crime of possession with intent to deliver ("PWID"), and the probation court had relinquished jurisdiction of the violation-of-probation ("VOP") case to this court. N.T. Sentencing, 12/19/13, at 21. Appellant had a prior record score of two that did not reflect two juvenile arrests for PWID. The Commonwealth noted that Appellant was a habitual participant in the drug-dealing culture in Philadelphia and was declared delinquent for starting a fire at his school.

The Commonwealth agreed to apply an offense gravity score of ten rather than eleven to the aggravated assault conviction since there was a dispute as to whether the ankle wound amounted to serious bodily injury. Using the deadly-weapon-used sentencing matrix, the guidelines called for a sentence of fifty-four to sixty-six months imprisonment for aggravated assault. The guidelines for the remaining offenses were: thirty-six to forty-eight months for the persons-not-to-possess; four to thirty-six months for possession of a firearm without a license; three to four months for carrying a firearm on a public street or property in Philadelphia; and restorative sanctions to nine months for PIC.

The court had a presentence report and outlined its consideration of the appropriate factors. It found that Appellant violated probation by commission of the offenses herein. *Id*. at 26. The court noted that Appellant made a poor impression on the presentence investigator, who found that Appellant minimized his role in this case, denied the seriousness of shooting at someone, and "felt that there was nothing wrong with [his] lifestyle." *Id*. at 28. Defense counsel spoke in mitigation of sentence, Appellant's mother asked the court to be lenient, and Appellant exercised his right to allocution.

The court sentenced Appellant to five to ten years imprisonment for the aggravated assault and a consecutive aggregate sentence of one to two years on the VUFA and PIC offenses, which was a downward departure from the guidelines. The court explained its decision:

> [THE COURT]: Now, [Appellant], I'm not done. You may think that's a hard sentence, but actually I have to justify on the record the reason why I gave you so little time for the gun case, because the guidelines I should be giving you are 3 to 6 years.
>
> And the reason why I am deviating downwards is because **I did give you a sentence squarely within the standard range for the aggravated [assault] sentence**.

*Id*. at 33 (emphasis added). The court imposed a VOP sentence of one to two years imprisonment, consecutive to the term of incarceration imposed in the present case. The court then specifically delineated:

- 10 -

Counsel, for your benefit, that is a standard range sentence and that's the sentence I was giving irrespective of any mandatory-minimum. And whatever's going to happen to the mandatory-minimum is going to happen. But that is the sentence I'm giving **based upon not a mandatory-minimum but the guidelines** based upon your client's offense gravity score and prior record score.

*Id*. at 36 (emphasis added).

As Appellant's position that he was sentenced pursuant to a mandatory minimum sentencing statute is refuted by the record, we reject his challenge to his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015