J. S27029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TNODELL PIERRE-PAUL, | : | |
| | : | |
| Appellant | : | No. 1411 MDA 2015 |

Appeal from the Judgement of Sentence May 20, 2015
In the Court of Common Pleas of Berks County
Criminal Division No(s): CP-06-CR-0004973-2013

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.: **FILED JUNE 08, 2016**

Appellant, Tnodell Pierre-Paul, appeals from the May 20, 2015 Judgement of Sentence entered in the Berks County Court of Common Pleas. After careful review, we affirm on the basis of the trial court's Opinion, which found (i) there was sufficient evidence to support the jury's verdict, and (ii) the jury's verdict was not against the weight of the evidence.

After a two-day trial, a jury convicted Appellant of two counts of Robbery, two counts of Conspiracy to Commit Robbery, two counts of Simple Assault, two counts of Conspiracy to Commit Simple Assault, two counts of Theft by Unlawful Taking or Dispositions, two counts of Conspiracy to Commit Theft by Unlawful Taking or Disposition, two counts of Receiving

---

[*] Former Justice specially assigned to the Superior Court.

Stolen Property, two counts of Conspiracy to Commit Receiving Stolen Property, two counts of Recklessly Endangering Another Person, and two counts of Conspiracy to Commit Recklessly Endangering Another Person. On May 20, 2015, the Honorable Thomas G. Parisi sentenced Appellant to four to ten years of incarceration on each of the Robbery counts, to run concurrently, and a consecutive term of three years of special probation on one of the Conspiracy to Commit Robbery counts.

The trial court set forth the relevant factual and procedural history of this case in its November 12, 2015 Opinion and we adopt its recitation for purposes of this appeal. *See* Trial Ct. Op., 11/12/15, at 1-4.

Appellant raises the following issues on appeal:

1. Whether the evidence presented at trial was insufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish an identification of the defendant at the scene of the crime, the evidence failed to establish an identification of the defendant as one of the individuals in the automobile stopped by the police following the commission of a robbery, and the evidence presented failed to establish any agreement to engage in any criminal conduct?

2. Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to the evidence and shocks one's sense of justice where there was no testimony whatsoever placing the defendant at the scene of the crime nor placing the defendant in the vehicle at the time the vehicle is stopped by back-up officers and there was no testimony identifying the green hoodie found in the front seat of the stopped vehicle as the same dark hoodie worn by one of the perpetrators of the robbery?

Appellant's Brief at 4.

In his first issue, Appellant challenges only the sufficiency of the identification evidence against him. Specifically, Appellant claims the Commonwealth failed to establish an identification of Appellant as both (a) a passenger in the vehicle stopped near the scene of the crime, and (b) one of the co-conspirators or perpetrators of the offenses.

In reviewing the sufficiency of the evidence, our standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

Specifically regarding the issue of identity, our Supreme Court has stated that:

> Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a

> conviction. The evidence of identification, however, [need not] be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence.

*Commonwealth v. Hickman*, 309 A.2d 564, 566 (Pa. 1973) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's sufficiency of the evidence claim on appeal. Accordingly, we affirm on the basis of the trial court's opinion, which (i) notes the arresting officer's testimony at trial positively identifying Appellant as a passenger in the vehicle; and (ii) catalogs the substantial circumstantial evidence linking Appellant to the robbery and demonstrating Appellant acted as part of a conspiracy. *See* Trial Ct. Op., at 5-7.

We next address Appellant's assertion that the jury's verdict was against the weight of the evidence. In support, Appellant puts forth the same argument as his sufficiency claim; namely, challenging the Commonwealth identification evidence linking Appellant to the crime. Appellant's Brief at 15-17.

To begin, we note that the weight of the evidence "is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v.*

*Champney*, 832 A.2d 403, 408 (Pa. 2003) (quotation and citations omitted). A trial court reviewing a challenge to the weight given the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

The trial court's denial of a weight claim is the least assailable of its rulings. *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008); *see* *Commonwealth v. Morgan*, 913 A.2d 906, 909 (Pa. Super. 2006) (stating that because trial court is in best position to view the evidence presented, an appellate court will give that court "the utmost consideration" when reviewing its weight determination). On appeal, this Court may not consider the underlying question of whether the verdict is against the weight of the evidence, and is instead limited to evaluating only the trial court's exercise of discretion in denying that claim. *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" *Id.* (citations omitted) (emphasis in original).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's weight of the

evidence claim on appeal. Accordingly, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., at 7-8.

The parties are instructed to attach a copy of the trial court's opinion to all future filings.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016

Circulated 05/13/2016 03:04 PM

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS

                                 :    BERKS COUNTY, PA

              v.              :    CRIMINAL DIVISION

                                 :    NO. CP-06-CR-4973-13

TNODELL PIERRE-PAUL,    :

          Defendant        :    JUDGE THOMAS G. PARISI

Kelly S. Kline, Esquire, Appeal Attorney for the Defendant
Alisa R. Hobart, Esquire, Appeal Attorney for the Commonwealth

MEMORANDUM OPINION, Thomas G. Parisi    TGP                          November 12, 2015

      After a two-day jury trial ending on May 20, 2015, Defendant/Appellant Tnodell Pierre-Paul was found guilty of the following offenses: two counts of Robbery[1], two counts of Conspiracy to Commit Robbery[2], two counts of Simple Assault[3], two counts of Conspiracy to Commit Simple Assault[4], two counts of Theft by Unlawful Taking or Disposition[5], two counts of Conspiracy to Commit Theft by Unlawful Taking or Disposition[6], two counts of Receiving Stolen Property[7], two counts of Conspiracy to Commit Receiving Stolen Property[8], two counts of Recklessly Endangering Another Person[9], and two counts of Conspiracy to Commit Recklessly Endangering Another Person[10]. On May 20, 2015, this court sentenced Defendant to not less than four (4) years of incarceration, nor more than ten (10) years of incarceration on Count 1 – Robbery and Count 3 – Robbery, to run concurrently. On Count 2 – Conspiracy to Commit

---

[1] 18 Pa. C.S.A. § 3701(a)(1)(ii).
[2] 18 Pa. C.S.A. § 903(a)(1); 18 Pa. C.S.A. § 3701(a)(1)(ii).
[3] 18 Pa. C.S.A. § 2701(a)(3).
[4] 18 Pa. C.S.A. § 903(a)(1); 18 Pa. C.S.A. § 2701(a)(3).
[5] 18 Pa. C.S.A. § 3921(a).
[6] 18 Pa. C.S.A. § 903(a)(1); 18 Pa. C.S.A. § 3921(a).
[7] 18 Pa. C.S.A. § 3925(a).
[8] 18 Pa. C.S.A. § 903(a)(1); 18 Pa. C.S.A. § 3925(a)
[9] 18 Pa. C.S.A. § 2705
[10] 18 Pa. C.S.A § 903(a)(1); 18 Pa. C.S.A. § 2705

BERKS COUNTY, PA.
2015 NOV 12 PM 2:48
CLERK OF COURTS

1

Robbery, this court sentenced Defendant to three (3) years of special probation to begin at the expiration of Count 1.

Trial counsel filed a Post-Sentence Motion titled "Motion in Arrest of Judgment and Motion for a New Trial" on June 2, 2015. On June 19, 2015, a hearing was held on the motion. The post-sentence motion was denied on July 15, 2015.

A timely notice of appeal was filed on Defendant's behalf on August 17, 2015, and the following issues are raised for review:

1. Whether the evidence presented at trial was insufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish an identification of the defendant at the scene of the crime, the evidence failed to establish an identification of the defendant as one of the individuals in the automobile stopped by the police following the commission of a robbery, and the evidence presented failed to establish an agreement to engage in any criminal conduct?

2. Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to the evidence and shocks one's sense of justice where there was no testimony whatsoever placing the defendant at the scene of the crime nor placing the defendant at the scene of the crime nor placing the defendant in the vehicle at the time the vehicle is stopped by back-up officers and there was not testimony identifying the green hoodie found in the front seat of the stopped vehicle as the same green hoodie worn by one of the perpetrators of the robbery?

3. Whether the trial court erred as a matter of law in denying the defendant's motion for judgment of acquittal as the evidence failed to establish the defendant's guilt beyond a reasonable doubt?

Appellant's Concise Statement of Errors, 9/28/15.

## FACTUAL FINDINGS

In the early morning hours of October 14, 2013, at approximately 12:30 am, Michael Ortiz and Eric Amole began to walk home from their shifts at Stokesay Castle, which is a banquet hall and restaurant. Jury Trial Transcript (Tr.) at 42-43. The two victims stopped at the Getty at 8th and Walnut Streets, in Reading, Berks County, Pennsylvania around 1:30 am. After

2

leaving the Getty, the victims were stopped by a group of men, near the intersection of 6th and Walnut Streets. (Tr. at 48). Three men approached the victims, while two others waited at the end of the block. One man, wearing a red hoodie, with the hood pulled up, obscuring his face, told Michael Ortiz to "Run your pockets, nigger". The suspect in the red hoodie then pointed the gun directly at Ortiz's chest. ( Tr. at 51). Another suspect, wearing a bandana covering his face and a dark hoodie, came behind Eric Amole and put a gun to his head. Another suspect stood directly behind the two suspects who were pointing the guns. Both victims gave the robbers their belongings, including a black JanSport backpack, another backpack with a red logo, both of their cell phones, and both of their wallets. (Tr. at 53). The victims then ran away from the suspects and to the home of Michael Ortiz, where they called police. (Tr. at 68-69).

Officer Christopher Bealer heard the call come in on the radio of a reported robbery and drove toward the scene of the robbery. A description of the suspects was given over the radio which identified five males, one of whom was wearing a red hoodie. As Officer Bealer was driving to the scene of the robbery, he came upon four males, one of whom was wearing a red hoodie, less than five minutes after the call had come in. When Officer Bealer saw these individuals he was less than two blocks from the scene of the robbery. (Tr. at 96-97).

The group of individuals turned off the street that Officer Bealer was traveling on, and Officer Bealer lost sight of the group for approximately one minute. Officer Bealer subsequently heard squealing tires and saw a car going south in the 300 block of Reed Street, moving toward his vehicle. Officer Bealer followed the car for approximately five blocks before pulling the car over in the 200 block of Oley Street. (Tr. at 99). The car, a blue Stratus, contained four occupants. As Officer Bealer approached the car, he noticed the passenger in the back left seat

3

tucking a red sweatshirt between his legs. Officer Bealer then waited for other officers to arrive and assist as the reported robbery involved handguns. (Tr. at 99).

Once other officers arrived on scene, the occupants of the car were then removed from the car and directed to sit down, in a line, on the sidewalk. An officer drove the victims past the suspects on the street, slowly. The victims were unable to specifically identify any of the suspects as the individuals who had robbed them. (Tr. at 84). Officers obtained identification of the occupants in the car and identified Tnodell Pierre-Paul as the front seat passenger. (Tr. at 104). After the occupants were removed from the car, the car was towed to the police sallyport. (Tr. at 116).

After the owner of the vehicle signed a consent waiver, the vehicle was searched. In the trunk of the car, officers found a wallet and a cell phone that were identified as belonging to one of the victims. (Tr. at 122). Also in the trunk of the car, officers found two (2) handguns and one (1) Jimenez semi pistol .22. Tr. at 118-119. Officers found a dark sweatshirt in the front passenger side of the vehicle, as well as a bandana and a wallet. (Tr. at 146). The wallet and bandana were found on the floor in the front, directly in front of the front passenger seat, and the wallet contained a Pennsylvania driver's license for Tnodell Pierre-Paul, as well as a Visa Bank of America card and an I-Lead Charter School photo I.D. (Tr. at 148-149). Officers searched the backseat of the car and found a black JanSport backpack and another backpack with a red logo on it, which were later identified as belonging to the victims. (Tr. at 150). Further, Officers found a red hoodie directly behind the driver's side seat. (Tr. at 151-152). These items matched the description of the perpetrator's attire given by the victims. A warrant was issued for the arrest of Tnodell Pierre-Paul.

4

# DISCUSSION

I. Sufficiency of Evidence

The standard of review challenging the sufficiency of the evidence at trial is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Knox*, 50 A.3d 749, 754 (Pa. Super. 2012) (citing *Commonwealth v. Brown*, 23 A.3d 544, 559-60 (Pa. Super. 2011) (*en banc*).

    *A. Identification of Defendant at the Scene of the Crime and as a Passenger in the Automobile*

The Defendant claims the Commonwealth's evidence failed to establish an identification of the Defendant at the scene of the crime and as a passenger in the automobile. A review of the record in the light most favorable to the verdict winner indicates that the Commonwealth presented sufficient evidence that the Defendant was at the scene of the crime and a passenger in the automobile.

5

The Commonwealth may sustain its burden through the use of wholly circumstantial evidence. In this case, the Commonwealth was able to show evidence that the Defendant was identified as the front passenger in the blue Stratus that was stopped. The Commonwealth was able to show that a wallet, which contained the Defendant's driver license, was on the floor directly in front of the front passenger seat, where the Defendant was identified as sitting. Further, the Commonwealth provided evidence that a bandana and a dark hoodie sweatshirt were also located on the floor in front of the front passenger seat. These items were consistent with the description given by the victims, and the video shown by the Commonwealth during trial. Finally, the blue Stratus that was stopped contained many of the items taken from the victims, including their backpacks, wallets, and phones.

Although none of the pieces of circumstantial evidence, alone, would be sufficient to support a finding of guilt beyond a reasonable doubt, when all the circumstantial evidence is viewed together, it reasonably and rationally supported the verdict reached by the jury. For these reasons, the Court finds the record sufficient to support the jury's verdict.

*B. Agreement to Engage in Criminal Activity*

To be convicted of Conspiracy, the Commonwealth must demonstrate: (1) the defendant intended to commit or aid in the commission of the object crime; (2) the defendant entered into an agreement with another to engage in the object crime; and (3) the defendant or another co-conspirator committed an overt act in furtherance of the object crime. 18 Pa. C. S. A. § 903(a)(1); *Commonwealth v. Johnson*, 985 A.2d 915, 921 (Pa. 2009). "The defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." *Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (2004)..

6

In this case, the Commonwealth presented sufficient circumstantial evidence that the Defendant had the intent to commit this crime, entered into an agreement to engage in conduct which constituted a crime, and committed an overt act in furtherance of the crime. The Commonwealth presented testimony from the victim which stated that the suspect wearing a bandana and a dark hoodie sweatshirt held a gun to the head of Eric Amole, while another suspect demanded the victims empty their pockets. Officer Bealer testified that the Defendant was the front seat passenger in the car, and Officer Carcheri Gingrasso testified that a bandana and dark hoodie matching the description given by the victims was found on the floor directly in front of the front passenger seat. Tr. at 104, 146. Sufficient evidence was present to enable to jury to find the Defendant guilty beyond a reasonable doubt on the charges of conspiracy.

II.     Weight of the Evidence

An allegation that the verdict was against the weight of the evidence will be reviewed on a basis of an abuse of discretion standard. *Commonwealth v. Sullivan*, 820 A.2d 795, 805-06 (Pa. Super. 2003). In determining whether the verdict is against the weight of the evidence, the role of the trial court is to determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000). Thus, a new trial should be awarded only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Sullivan*, 820 A.2d at. at 806.

After reviewing the record, the verdict of the jury does not come as a shock to this court. The evidence presented at trial was not contrary to the verdicts of the jury. The jury has the right

7

to weigh the testimony of each witness and determine which evidence it finds credible. *Commonwealth v. McCalman*, 795 A.2d 412, 415 (Pa. Super. 2002).

III.      <u>Denial of Defendant's Motion for Judgment of Acquittal</u>

The Defendant argues that the Trial Court erred as a matter of law in denying the Defendant's motion for judgment of acquittal. The denial of a motion for judgment of acquittal is a sufficiency of evidence challenge. "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding the charge." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006).

The sufficiency of the evidence issue in this case was previously addressed. In reviewing the record in the light most favorable to the verdict winner, there was sufficient evidence for the jury to find the Defendant guilty.

WHEREFORE, this Court respectfully requests that Defendant's appeal be denied.

8