J-S58042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD MULHOLLAND | |
| Appellant | No. 746 MDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002537-2014

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 02, 2015**

Appellant, Chad Mulholland, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his jury trial convictions for the offenses of possession of drug paraphernalia and possession of a small amount of marijuana.[1]

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

WHETHER THE EVIDENCE WAS INSUFFICIENT TO

---

[1] 35 P.S. §§ 780-113(a)(32) and (31)(i), respectively.

---

*Retired Senior Judge assigned to the Superior Court.

SUPPORT THE GUILTY VERDICTS SINCE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS IN ACTUAL OR CONSTRUCTIVE POSSESSION OF MARIJUANA OR DRUG PARAPHERNALIA.

WHETHER THE GUILTY VERDICTS WERE AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE BASIS OF [APPELLANT'S] CONVICTION WAS THE TESTIMONY OF A WOMAN WHO WAS NOT CREDIBLE, GIVEN THAT THE JURY HAD FOUND [APPELLANT] NOT GUILTY OF OTHER COUNTS BASED ON THE SAME TESTIMONY.

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas G. Parisi, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed June 11, 2015, at 2-8) (finding: **(1)** Appellant's girlfriend testified that she argued with Appellant because he was using drugs and she was pregnant; Appellant's girlfriend testified that pipe and marijuana belonged to Appellant; Appellant confirmed he shared with his girlfriend bedroom where marijuana was found; Appellant's girlfriend testified she found pipe in apartment she shared with Appellant; jury could reasonably infer Appellant had equal access to, and ability and intent to exercise conscious dominion over, marijuana and paraphernalia found in residence; under theory of constructive possession, evidence was sufficient to support Appellant's convictions; **(2)** evidence presented at trial was not contrary to jury verdict; jury was free to weigh testimony of each

- 2 -

witness and determine which evidence it found credible; verdict did not shock court's conscience).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2015

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: BERKS COUNTY, PA
v. : CRIMINAL DIVISION
: NO. CP-06-CR-2537-2014
CHAD MULHOLLAND, :
Defendant : JUDGE THOMAS G. PARISI

Christopher M. Price, Esquire, Appeal Attorney for the Defendant

Alisa R. Hobart, Esquire, Appeal Attorney for the Commonwealth

MEMORANDUM OPINION, Thomas G. Parisi $TGP$                    June 10, 2015

On June 12, 2014, the Defendant was charged by Criminal Information with Simple Assault, Recklessly Endangering Another Person, Possession of a Small Amount of Marijuana, Possession of Drug Paraphernalia, and the summary charge of Harassment. The charge of Recklessly Endanginer Another Person was dismissed on September 19, 2014. On March 2, 2015, trial was held on the four remaining counts of the information.

On March 2, 2015, the jury acquitted Defendant of Simple Assault and convicted him of Possession of Drug Paraphernalia. This Court convicted the Defendant of Possession of a Small Amount of Marijuana and acquitted him of harassment.

On March 2, 2015, Defendant was sentenced to six (6) months probation for Possession of Drug Paraphernalia and fined $200 in connection with the conviction of Possession of a Small Amount of Marijuana.

On March 11, 2015, Defendant filed a Post-Sentence Motion seeking a new trial of the charges of Possession of Drug Paraphernalia and Possession of a Small Amount of Marijuana. On April 16, 2015, this Court denied Defendant's Post-Sentence motion.

(34)

On May 1, 2015, the Defendant filed a Notice of Appeal with the Pennsylvania Superior Court and raised the following issues in his Concise Statement of Matters Complained on Appeal pursuant to 1925(b):

1.  The trial court erred in finding Defendant guilty of Possession of Drug Paraphernalia, 35 P.S. Sec. 780-113(a)(32), and Possession of a Small Amount of Marijuana, 35 P.S. Sec. 780-113(a)(31)(i), where the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Defendant had actual or constructive possession of the marijuana or drug paraphernalia.

2.  The trial court erred in denying the Defendant's Motion for a New Trial since the verdict of guilty against Defendant for Possession of Drug Paraphernalia, 35 P.S. Sec. 780-113(a)(32), and Possession of a Small Amount of Marijuana, 35 P.S. Sec. 780-113(a)(31)(i) is contrary to the weight of evidence presented at trial.

Concise Statement of Matters Complained on Appeal, 5/15/15.

## DISCUSSION

The Defendant's first claim on appeal is that there is insufficient evidence in the record to sustain his conviction for Possession of Drug Paraphernalia, 35 P.S. Sec. 780-113(a)(32), and Possession of a Small Amount of Marijuana, 35 P.S. Sec. 780-113(a)(31)(i). The standard of review of a sufficiency of the evidence challenge is as follows:

> In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Jones*, 636 A.2d 1184, 1189 (Pa. Super. 1994).

When drugs and/or paraphernalia are not found on a defendant's person, the Commonwealth must establish constructive possession. *See Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa. Super. 2008). Constructive possession requires proof of the

2

ability to exercise conscious dominion over the substance, the power to control it, and the intent to exercise such control. *Id.* All of the facts and circumstances must be examined when determining constructive possession, as the Commonwealth may establish constructive possession wholly by circumstantial evidence. *Id.* at 1015. To establish constructive possession when more than one person has equal access to the drugs, the Commonwealth must demonstrate either the defendant's participation in the drug related activity or evidence connecting the defendant to the specific room or areas where the drugs were kept. *Id.*, at 1016. Two actors may have joint control and equal access and thus both may constructively possess the contraband. *Commonwealth v. Jones*, 874 A.2d 108 (Pa. Super. 2005); *Haskins*, 677 A.2d at 328.

In this matter, Officer Ryan Smith testified at trial that on May 4, 2014, he and Officer Jake Stefani reported to 540 Walnut Street for a "security check." Notes of Testimony [hereinafter "N.T."], 3/2/15, at 11-12. Once Officer Smith entered the building he was able to determine an active domestic involving Defendant and a female, later identified as Rogmarie Sanchez-Figueroa. N.T., 3/2/15, at 13. Officer Smith encountered Defendant who told Officer Smith that he was having an argument with his girlfriend, Sanchez-Figueroa. Officer Stefani stayed with Defendant while Officer Smith checked on Sanchez-Figueroa. N.T., 3/2/15, at 14. Officer Smith encountered Sanchez-Figueroa on the landing of the fourth floor stairs. *Id.* Officer Smith testified that he asked her what was going on and she stated she was having an argument with her boyfriend, Defendant. *Id.* Officer Smith stated that Sanchez-Figueroa then handed him a blue glass smoking pipe commonly used for marijuana. *Id.* Officer Smith went back down the stairs and turned the glass pipe over to Officer Stefani. N.T., 3/2/15 at 16.

3

Officer Stefani switched positions with Officer Smith and went upstairs to speak with Sanchez-Figueroa. N.T., 3/2/15, at 21. Officer Stefani testified that he asked Sanchez-Figueroa if there was any other marijuana in the residence. N.T., 3/2/15, at 21. Sanchez-Figueroa took Officer Stefani back to the bedroom and proceeded to sort through different drawers in the bedroom dresser. N.T., 3/2/15, at 21. Officer Stefani testified that Sanchez-Figueroa eventually pulled out a "little nick bag of marijuana." N.T., 3/2/15, at 21. Officer Stefani confirmed the following:

COMMONWEALTH: At some point she gave you a bag you said?

OFFICER STEFANI: Yes, sir.

COMMONWEALTH: You also said something about multiple drawers?

OFFICER STEFANI: Yeah, she was – it wasn't like she went right to the one drawer, opened the drawer, and knew exactly where it was. She went through several different drawers before she found it.

N.T., 3/2/15, at 22.

At trial, Sanchez-Figueroa testified to the following concerning her argument with Defendant on May 4, 2014:

COMMONWEALTH: And why is it that you were arguing with Chad?

SANCHEZ-FIGUEROA: Because I was pregnant and he was using drugs.

COMMONWEALTH: Why would that be something that would cause an argument?

SANCHEZ-FIGUEROA: Well, the reason being that I'm pregnant and I don't want that around me.

N.T., 3/2/15, at 29-30.

Sanchez-Figueroa continued to testify concerning Defendant's drug use:

COMMONWEALTH: Is that the pipe that you gave to the police officers?

4

| | |
|---|---|
| SANCHEZ-FIGUEROA: | Yes. |
| COMMONWEALTH: | Now, where did you get that pipe from before you gave it to the police officers? |
| SANCHEZ-FIGUEROA: | I found it in the apartment, and that's why I ask him about it. And he was constantly using it, and I told him I did not want him there. Then he tried to turn it around and put what the drug that was inside the pipe in my hand and then laughing he said that me and my child were going to jail. |

. . . .

| | |
|---|---|
| COMMONWEALTH: | Now I want to be very clear with you. Did you ever use that pipe? |
| SANCHEZ-FIGUEROA: | No. |
| COMMONWEALTH: | How do you know who owns the pipe? |
| SANCHEZ-FIGUEROA: | Because he used it. |
| COMMONWEALTH: | And did you see that? |
| SANCHEZ-FIGUEROA: | I saw him, yes. |
| COMMONWEALTH: | Now, do you remember when police officers came up into the apartment with you? |
| SANCHEZ-FIGUEROA: | Yes. |
| COMOWNEALTH: | And did those police officers ask you about any marijuana in the apartment? |
| SANCHEZ-FIGUEROA: | Yes. |
| COMMONWEALTH: | And did you show any officers where there was – if there was any marijuana in the apartment? |
| SANCHEZ-FIGUEROA: | In the middle of the search, yes, I allowed them to search and because I didn't know where it was so we found it. |
| . COMMONWEALTH: | Now, where was it that you found it in the apartment, the marijuana I mean? |
| SANCHEZ-FIGUEROA: | I don't know how to say the word in Spanish. On a dresser when you put – where you put the clothing. |

5

| COMMONWEALTH: | Now, was that your dresser or was it Chad's dresser? |
|---|---|
| SANCHEZ-FIGUEROA: | There was – there were some of my clothings there, yes. It was mine. He put it in my clothing, but it is not mine. |
| COMMONWEALTH: | And were you able to find it right away? |
| SANCHEZ-FIGUEROA: | My bedroom doesn't have many things, yes. |
| COMMONWEALTH: | But you had to look through the dresser; is that correct? |
| SANCHEZ-FIGUEROA: | Yes. Yes. |

N.T., 3/2/15, at 35-37.

Sanchez-Figueroa testified that the residence had two bedrooms. N.T., 3/2/15, at 38. Sanchez-Figueroa confirmed that she and Defendant stayed in the bedroom where she showed the police officers the marijuana. N.T., 3/2/15, at 39.

Defendant testified at trial and stated that neither the pipe nor the marijuana was his. N.T., 3/2/15, at 65-66. Defendant confirmed that he did sleep in the same bedroom as Sanchez-Figueroa, but that the dresser where the marijuana was found contained nothing belonging to Defendant. *Id.*

A review of the record reflects the Commonwealth presented sufficient evidence that the Defendant was in possession of the marijuana and paraphernalia found inside 540 Walnut Street. Based on the facts presented, the trier of fact could have properly inferred that Appellant had the ability to exercise conscious dominion over the marijuana and paraphernalia found inside the residence. Although Defendant was not in actual possession of the marijuana and pipe at the time of discovery, the Commonwealth properly established constructive possession through circumstantial evidence. Based on witness and officer testimony, the Commonwealth presented evidence that Defendant had equal access to the drugs and paraphernalia. Furthermore, the Commonwealth demonstrated evidence connecting the Defendant to the specific room and area

6

where the marijuana and pipe were discovered. The Commonwealth presented Appellant's intent to exercise control over the marijuana and pipe by showing beyond Appellant's mere presence inside the residence, but also the fact that the marijuana, was found inside a bedroom dresser sitting in Defendant's bedroom. The fact that another person may also have control of and access to drugs, however, does not eliminate the Defendant's constructive possession. *See Commonwealth v. Haskins*, 677 A.2d 328 (Pa. Super. 1996). Therefore, the facts of record sufficiently supported each element of the offenses charged and the inferences drawn by the jury were sufficient in law to prove guilt beyond a reasonable doubt.

The Defendant's final claim on appeal is that the verdict of guilty against Defendant for Possession of Drug Paraphernalia, 35 P.S. Sec. 780-113(a)(32), and Possession of a Small Amount of Marijuana, 35 P.S. Sec. 780-113(a)(31)(i) is contrary to the weight of evidence presented at trial. An allegation that the verdict was against the weight of the evidence will be reviewed on a basis of an abuse of discretion standard. *Commonwealth v. Sullivan*, 820 A.2d 795, 805-06 (Pa. Super. 2003). In determining whether the verdict is against the weight of the evidence, the role of the trial court is to determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000).
Thus, a new trial should be awarded only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Sullivan*, 820 A.2d at. at 806.

After reviewing the record, the verdict of the jury does not come as a shock to this Court. The evidence presented at trial was not contrary to the verdicts of the jury. The jury has the right to weigh the testimony of each witness and determine which evidence it finds credible.

7

*Commonwealth v. McCalman*, 795 A.2d 412, 415 (Pa. Super. 2002). Therefore, the Defendant was not deprived of his rights.

For the foregoing reasons, this Court respectfully requests that the Defendant's appeal be denied.