J-S42004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIELLA BARRON, | |
| Appellant | No. 498 WDA 2015 |

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002325-2013

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 14, 2016**

Appellant, Gabriella Barron, appeals from the judgment of sentence entered following her conviction of hindering apprehension or prosecution. We affirm.

We summarize the history of this case as follows.[1]  In early July of 2013, Appellant permitted Eric Dante Wells, a friend she had known for several years and suspected of being a drug dealer, to move into her home rent free.  On the morning of August 6, 2013, multiple law enforcement officers from various agencies went to Appellant's residence with an arrest

_____

[*]  Former Justice specially assigned to the Superior Court.

[1] For a more detailed recitation of the facts of this case, we direct the reader to pages two through five of the trial court's opinion dated October 30, 2015.

warrant for Mr. Wells. When the officers approached Appellant's home someone closed the curtains on the front window. After the officers knocked on the front door it took Appellant several minutes to answer the door. Initially, Appellant told the law enforcement agents several times that Mr. Wells was not at the home. Subsequently, Appellant indicated that she did not know if Mr. Wells was at the home. Mr. Wells was then apprehended as he attempted to flee from the rear basement door of the residence.

On August 12, 2013, a criminal complaint was filed against Appellant charging her with hindering apprehension or prosecution. The matter was held for trial at a preliminary hearing that took place on September 25, 2013. On November 13, 2013, the Commonwealth filed a criminal information against Appellant charging her with hindering apprehension or prosecution. On September 16, 2014, a jury convicted Appellant of the aforementioned crime. On January 30, 2015, after the completion of a presentence report, the trial court sentenced Appellant to serve a term of incarceration of one to twenty-three months. Appellant filed a post-sentence motion, which the trial court denied on February 19, 2015. Appellant filed this appeal on March 20, 2015.

Appellant presents the following issue for our review:

1. The evidence presented at trial was insufficient to sustain a conviction of hindering apprehension or prosecution, Title 18 § 5105(a)(1). The Court erred in denying [Appellant's] request for judgement [sic] of acquittal at the close of the Commonwealth's case.

Appellant's Brief at 6.

In her sole issue, Appellant argues that the Commonwealth failed to present sufficient evidence to support her conviction. Appellant's Brief at 10-13. Specifically, she claims that the Commonwealth failed to prove the necessary intent to support the conviction because the Commonwealth did not establish that Appellant was aware Mr. Wells was wanted by the police. *Id*. at 11-12. We disagree.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting *Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

The Pennsylvania Crimes Code defines hindering apprehension or prosecution, in relevant part, as follows:

**§ 5105. Hindering apprehension or prosecution**

**(a) Offense defined. -** A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, [she]:

    (1) harbors or conceals the other[.]

18 Pa.C.S. § 5105(a)(1).

We have reviewed the briefs of the parties, the relevant law, the certified record before us on appeal, and the trial court opinion dated October 30, 2015. It is our conclusion that the trial court's opinion adequately and accurately addresses Appellant's challenge to the sufficiency of the evidence, specifically, Appellant's knowledge that she was harboring a criminal for nearly one month prior to his apprehension. The jury, sitting as finder of fact, chose to believe the evidence presented by the Commonwealth, and we will not substitute our judgment for that of the jurors. Under the totality of the circumstances, the evidence presented at trial, viewed in the light most favorable to the Commonwealth, is sufficient to sustain Appellant's conviction. Consequently, Appellant's contrary argument lacks merit. Accordingly, because the trial court analysis is

supported by the record, we adopt its October 30, 2015 opinion as our own and affirm Appellant's judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016

_____

[2] The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA,
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,    )
)
)
vs.    )    No. 2325-2013
)
)
)
GABRIELLA BARRON,    )
Defendant.    )

## OPINION OF COURT

This matter comes before the trial court upon Defendant's direct appeal from the

Judgment of Sentence dated January 30, 2015, following her conviction, after a trial by jury on

September 16, 2014, of Hindering Apprehension or Prosecution.[1]

## Procedural History

A jury was selected on the above matter on September 8, 2014, with The Honorable John

F. DiSalle, Judge, presiding. Trial commenced on September 15, 2014, and continued through

September 16, 2014. At trial, Defendant, Gabriella Barron, (hereinafter "Defendant") was

represented by the Office of the Public Defender, Assistant Public Defender, Rose Semple,

Esquire, and the Commonwealth was represented by Assistant District Attorney, John Paul

Lewis, Esquire.

After the close of evidence and closing arguments, and following deliberations, the jury

found the Defendant guilty on September 16, 2014, of the charge of Hindering Apprehension or

Prosecution.

The trial court ordered that a Pre-Sentence Investigation be completed, and following the

Pre-Sentence Investigation, held a sentencing hearing on January 30, 2015.[2] Thereafter, the trial

---

[1] 18 Pa.C.S. § 5105(a)(1).

1

court sentenced the Defendant to no less than one (1) month to no more than twenty-three (23) months in the Washington County Correctional Facility. Special conditions of the Defendant's sentence were that she have no contact with Eric Wells or any of the other participants of the trial and that she comply with all other terms and conditions of the Washington County Adult Probation Office.

Following sentencing, the Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania on March 25, 2015. On April 21, 2015, the trial court Ordered the Defendant to file a Concise Statement of Matters Complained of on Appeal Pa.R.A.P. 1925(b) within twenty-one (21) days.[3] On May 15, 2015, pursuant a motion, defense counsel was permitted an extension to file her Concise Statement. On July 9, 2015, Defendant filed her Concise Statement, within which she raised the following issue:

1. "The evidence presented at trial was insufficient to sustain a conviction of hindering apprehension or prosecution, Title 18 § 5105(a)(1). The Court erred in denying Defendants request for judgment of acquittal at the close of the Commonwealth's case."

## Factual History

During trial, the jury heard evidence that on the morning of August 6, 2013, Patrolman Todd Foreman and James Markley, police officers for the City of Washington, James McElhaney, chief detective for Washington County, Trooper Motte, from the Pennsylvania State Police, and Jeffrey Haggerty, Special Agent with the Bureau of Alcohol, Tobacco and Firearms proceeded to the house of the Defendant while searching for a homicide suspect, Eric Dante Wells, for whom the officers had an outstanding warrant.

---

[2] Sentencing was originally scheduled for December 4, 2014. However, because the pre-sentence investigation report was not yet completed at that time, sentencing was deferred until January 30, 2015.
[3] Pa.R.A.P. 1925(b)(2) states, in relevant part: *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.

Testimony demonstrated the officers arrived at the house of the Defendant and noticed a vehicle outside with three occupants inside. Patrolman Markley testified that he questioned the vehicle occupants about why they were sitting outside the residence. The occupant in the driver's seat, Matthew McCollum, testified at trial that he explained to Patrolman Markley that they were there to pick up Eric Wells. The officers then called for additional back up units to assist in the apprehension of Mr. Wells.

Thereafter, Patrol Foreman, Trooper Motte and Agent Haggerty approached the front door of the Defendant's residence. Patrolman Markley remained at the vehicle with the occupants. The officers began knocking on the front door and announced their presence. Testimony demonstrated that after the officers began knocking, the curtains on a window suddenly closed. The officers continued knocking. Patrolman Foreman testified that approximately one to three minutes transpired before the Defendant answered the door.

The officers explained to the Defendant that they had a warrant for the arrest of Eric Wells and asked the Defendant if Mr. Wells was inside her house. Patrolman Foreman testified that the Defendant stated, "No, he's not here." Troopers Motte and Haggerty similarly testified that the Defendant stated that Mr. Wells was not at the house. However, after the Defendant was asked several times she changed her answer to "I don't know." Patrolman Foreman further testified that the Defendant was asked multiple times and she repeated at least five times that Mr. Wells was not present. Trooper Motte stated he then yelled into the house, "Eric, we know you are in there, come out with your hands up."[4]

Detective McElhaney testified that he was positioned at the rear basement entrance of the residence while the other officers were knocking on the front door. Testimony demonstrated that as soon as Trooper Motte yelled from the front of the house for Mr. Wells to come out, Mr.

[4] TT 26-34; 52-56; 58; 63-65; 68; 83; 91-95; 104-105.

3

Wells attempted to exit through the basement at the rear of the house. Officer McElhaney testified that Mr. Wells opened the basement door and saw him and then attempted to go back inside. However, Officer McElhaney was able to apprehend Mr. Wells without further incident. Thereafter, the officers requested that the Defendant grant them permission to search the residence. Defendant granted the officers consent to search.[5]

After the search of the house concluded, Agent Haggerty spoke to the Defendant. Agent Haggerty testified that the Defendant indicated that Mr. Wells had been residing at her home[6] for a few weeks. Defendant further indicated to Agent Haggerty that she had known the Defendant for several years and had recently reacquainted with him one month prior to the incident. She stated that Mr. Wells contacted her approximately a month prior to his apprehension and asked if he could stay at her residence for a few weeks because he was fighting with the mother of his child. Defendant agreed. She admitted that Mr. Wells stayed in her residence for one month, off and on, prior to his apprehension.[7] Defendant testified that she did not know that Mr. Wells had an outstanding warrant for his arrest.

Defendant testified at trial that she asked Mr. Wells to leave the residence the night before his apprehension, April 6, 2013, because she was suspicious he was selling drugs. Defendant further testified that she took a few minutes to get to the door because she had to get dressed. Defendant stated she told police at the door Mr. Wells was not there because she did not see him when she was walking to answer the front door and she had asked him to leave the night

---

[5] TT 34-39; 56; 83-88; 95-96.

[6] The deed of the house where the Defendant resided, and where Mr. Wells was apprehended, was under Defendant's mother's name. However, Defendant acknowledged she was under the custody and control of the residence.

[7] TT 142-143; 163.

4

before. Defendant admitted that the second time she was questioned about the Defendant's presence she changed her answer to, "I don't know."[8]

## OPINION

The only issue raised in Defendant's Concise Statement of Matters Complained of on Appeal challenges the sufficiency of the record upon which the jury based its verdict and that the court erred in denying Defendant's request for judgment of acquittal at the close of the Commonwealth's case.

The evidence presented in this case was sufficient to sustain the Defendant's conviction of the charge of Hindering Apprehension or Prosecution. A claim challenging the sufficiency of the evidence in a criminal case is a question of law requiring the reviewing court to determine whether all of the elements of the crimes charged were proven beyond a reasonable doubt.[9]

In making this determination, the Court is required to review the entire record and view all of the evidence presented at trial in the light most favorable to the verdict winner, the Commonwealth, and to give the Commonwealth the benefit of all reasonable inferences from the facts presented.[10] "Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law."[11] However, it is *not* for the reviewing Court to determine the credibility of witnesses and the weight to be accorded to the evidence produced, as these are

---

[8] TT 97-103; 123-143; 163.
[9] *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000); *citing: Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993).
[10] *Id.* at 751; *citing Commonwealth v. Chambers*, 599 A.2d 630 (Pa. 1991).
[11] *Id.*; *citing Commonwealth v. Santana*, 333 A.2d 876 (Pa. 1975).

5

matters solely within the province of the trier of fact, who is free to believe all, some, or none of the evidence.[12]

From the testimony and evidence presented at trial, it was reasonable for the jury to believe that the Defendant intended to hinder the apprehension of Eric Wells by harboring and concealing Mr. Wells in her residence.

The offense described in § 5105 hindering apprehension or prosecution provides:

(a) Offense defined.—A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, he:

(1) harbors or conceals the other;[13]

Defendant's own nonsensical argument defeats her claim. During the Defendant's testimony, she conceded that she allowed Mr. Wells to stay with her and that she asked him to leave the morning of April 6, 2013, because she was suspicious that he was up to wrongdoing.[14]

Defendant further admitted that, on the morning of the incident, she heard the police announce, loudly, that they had a warrant for Eric Wells.[15] Nevertheless, when queried numerous times by the officers at her front door whether Mr. Wells was in the residence Defendant replied, "No". However, Defendant acknowledged that Mr. Wells was at her residence at approximately 9:00 p.m. the night before the arrest and that she did not expect him to leave until the morning.[16] Defendant further revealed in her own testimony that she did not look to see if Mr. Wells was in her residence that morning. Moreover, by Defendant's own admission she testified she only

---

[12] *Commonwealth v. McCalman*, 795 A.2d 412, 415 (Pa.Super. 2002); *citing: Commonwealth v. Passarelli*, 789 A.2d 708, 716 (Pa.Super. 2001).
[13] 18 Pa.C.S. § 5105(a)(1).
[14] TT 126.
[15] TT 150-151.
[16] TT 146.

6

"thought" Mr. Wells had left. Thus, it was curious and telling that the Defendant did not reveal her knowledge to the officers.

Moreover, the Defendant was aware that Mr. Wells was having legal problems while he was residing at her home. Agent Haggerty testified that the Defendant disclosed to him that prior to the arrest the Defendant overheard Mr. Wells speaking about an arraignment and that Mr. Wells was also having domestic relations problems with the mother of his children. Defendant likewise revealed to Agent Haggerty that she was suspicious that the Defendant was selling drugs because he would walk down the street for a few minutes and then return. Defendant was also concerned that Mr. Wells was hiding drugs and/or guns in her home, because he would deny her access to rooms in her home by closing the door shut when she tried to enter or by locking doors. The Defendant, however, did not reveal to Agent Haggerty that she asked Mr. Wells to leave her home the night before the arrest.[17] Accordingly, the jury rejected this defense and the trial court found the verdict reasonable in light of the testimony and evidence presented.

Furthermore, during its case in chief, the Commonwealth presented evidence to prove the requisite elements of Hindering Apprehension and Prosecution beyond a reasonable doubt. Officers testified that they came to Defendant's residence with a warrant to arrest Eric Wells on felony drug charges and that he was a suspect in a homicide.[18] Officers further testified that it took a few minutes for the Defendant to answer the door. Notably, when asked whether Mr. Wells was present in the home, Defendant answered "No" several times and later changed her answer to "I don't know". It was not until Mr. Wells was apprehended that the Defendant cooperated with the authorities.

---

[17] TT 99-101.
[18] Mr. Wells was charged with the homicide the day of his apprehension. Although not disclosed to the jury, Mr. Wells was subsequently found guilty of third degree murder of a Washington and Jefferson College student. *See:* CP-63-CR-1922-2013.

From this evidence, the jury found the officers testimony more credible than the Defendant. Likewise, the trial court found the evidence linking the Defendant to the crime was sufficient for the jury to convict. Accordingly, the trial court asserts that evidence supported the inference that the Defendant intended to hinder apprehension of Mr. Wells, and the testimony and evidence established the requisite elements of the crime of Hindering Apprehension and Prosecution beyond a reasonable doubt.

The trial court further submits that the instant matter factually mirrors *Commonwealth v. Johnson*, 100 A.3d 207 (Pa.Super. 2014),

> The law enforcement officers knocked, announced that they were police officers, and stated that they had a warrant. Initially, there was no response. After knocking a second time, Appellant inquired who they were. Upon being informed again that they were police officers with a warrant, Appellant told them to wait while she dressed. After five minutes, the officers heard someone running within the apartment, and they attempted to force open the door, but stopped when Appellant did so. When questioned, Appellant denied that there was anyone else in the apartment; after being shown a photograph of Thompson, she denied knowing him.[19]

In *Johnson*, the Pennsylvania Superior Court determined that while the Commonwealth appeared to have satisfied the elements of hindering apprehension or prosecution, it failed to demonstrate that the person they sought to apprehend was being pursued for the commission of a crime or violation of probation, parole, intermediate punishment, or the like.[20]

However, the trial strategy of the prosecution in *Johnson* differed from that in the instant matter, which ultimately impacted the outcome. The *Johnson* Court reasoned:

> The Commonwealth offered no evidence as to why Thompson was wanted or whether it was in connection with a crime . . . It did not place the warrant into evidence and no witness testified regarding Thompson's purported crime. In

---

[19] *Commonwealth v. Johnson*, 100 A.3d 207, 208 (Pa.Super. 2014), *reargument denied* (Oct. 29, 2014), *appeal denied*, 112 A.3d 650 (Pa. 2015).

[20] *Id.* at 214. "Although the Commonwealth offered evidence from which one might infer that Appellant intended to hinder the apprehension of Thompson, it did not offer proof that Thompson was being sought for commission of a crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition."

8

essence, although the Commonwealth offered evidence from which one might infer that Appellant intended to hinder the apprehension of Thompson, it did not offer proof that Thompson was being sought for commission of a 'crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition.'"[21]

Unlike *Johnson*, the Commonwealth in the matter at bar offered into evidence the arrest warrant for Mr. Wells. Additionally, the Commonwealth offered testimony that the arrest warrant for Mr. Wells indicated he was wanted on a charge for manufacturing, delivering possession with the intent to deliver narcotics. Moreover, the officers alerted the Defendant as soon as she answered the door that Mr. Wells had a warrant out for his arrest and thus she was apprised that Mr. Wells was being sought for the a crime. Testimony also demonstrated Mr. Wells was wanted in connection with a homicide investigation, which explained why several police agencies were involved in the apprehension.[22]

Another distinction the trial court finds from the *Johnson* case is that the Defendant conceded that she was harboring Mr. Wells. As outlined above, Defendant acknowledged that Mr. Wells was residing at her home intermittently for a month prior to his arrest. Defendant also made admissions that while the Defendant was residing in her home, she was suspicious that the Defendant was experiencing domestic relation problems with the mother of his children, was involved with selling drugs and may have concealed drugs and guns in her home.[23]

Here, the Commonwealth satisfied all the elements of 18 Pa. C.S. § 5105(a)(1), including demonstrating Mr. Wells was wanted in connection with a crime. Thus, the deficiency that thwarted affirming the conviction on a sufficiency of the evidence claim in the *Johnson* case has been resolved in the instant matter.

---

[21] *Id.; citing:* 18 Pa.C.S. § 5105(a)(1).
[22] TT 27-29.
[23] TT 122-123; 126; 142.

9

For the reasons set forth above, the trial court respectfully submits that the verdict of the jury should be upheld, and that the Judgment of Sentence should be affirmed.

DATE:

10/30/15

BY THE COURT:

_____, J.
John F. DiSalle

10