J-S17037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ZYKEEM THOMAS, | |
| Appellant | No. 249 EDA 2017 |

Appeal from the Judgment of Sentence, March 13, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0015773-2013

BEFORE: BENDER, P.J.E., LAZARUS, J. and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 11, 2018**

Zykeem Thomas appeals *nunc pro tunc* to challenge the sufficiency of the evidence and the discretionary aspects of his sentence, after convictions for aggravated assault and various firearms violations.[1]  The trial court imposed an aggregate sentence of 7-½ to 15 years, which we affirm.

The trial court aptly summarized the facts as follows:

> Tyshon Hasty left work on April 14, 2013, around 2:00 pm., and drove toward North Philadelphia.  When he reached Thirteenth and Wallace, he encountered a gray Buick Century occupied by [Thomas] and two other men.  The Buick beeped at him after Mr. Hasty passed it, so he slowed down to allow the Buick to pass him.  As he slowed down, [Thomas], seated in the front passenger seat, leaned out of the passenger-side window and fired a handgun at least three times at Mr. Hasty.  Mr. Hasty felt two shots hit his vehicle, and he attempted to accelerate to get away from

---

[1] **See** 18 Pa.C.S.A. §§ 2702, 6105, 6106, 6108, and 907, respectively.

the Buick. His car came to a stop due [to] a flat tire, and the Buick stopped in front of his car.

Mr. Hasty saw [Thomas] aim a gun at him from the passenger side of the Buick and fire several times, creating a muzzle flash. Mr. Hasty pulled out his own firearm, which he was licensed to carry, and fired back. The Buick then fled the scene, and Mr. Hasty followed. [Thomas] fired more shots at Mr. Hasty as the victim followed the Buick to 806 Reno Street, where [Thomas] ran into the house and the door was closed behind him.

Detective Paul Guerico arrived at the scene shortly after the first responding officers. He spoke with Mr. Hasty and confirmed his version of events. He inspected Mr. Hasty's vehicle, and observed several bullet holes in the driver side door, which confirmed the victim's statement. In fact, five fired cartridge casings and two bullet fragments were also recovered inside Mr. Hasty's vehicle.

Thereafter, Mr. Hasty identified [Thomas] from a photographic array presented to him by detectives during his interview. He also identified [Thomas] in court as the gunman.

During the investigation, a confidential informant called and identified [Thomas] as the shooter and the man who ran into 806 Reno Street . . . The parties stipulated that [Thomas] was not licensed to carry a firearm.

Trail Court Opinion, 7/17/17 at 2-3 (citations omitted).

Thomas raises two issues on appeal. First, he asks whether the trial court erred by finding "that there was sufficient evidence to prove, beyond a reasonable doubt, that [he] was guilty" of the offenses for which the jury convicted him. Thomas' Brief at 2. Second, Thomas petitions for allowance of appeal from the discretionary aspects of the trial court's sentence, because he views his imprisonment as "manifestly excessive as it departed from the Pennsylvania Sentencing Guidelines." *Id.*

First, we address Thomas' challenge to the sufficiency of the evidence. He argues that the Commonwealth failed to produce evidence beyond a reasonable doubt that (1) he had the requisite level of criminal intent to sustain a conviction of aggravated assaulted and (2) that the gun he fired at Mr. Hasty was "operable" to sustain his other offenses. Thomas' Brief at 22.

In reviewing sufficiency claims we ask "whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner," supports finding "all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017) (citations and internal quotation marks omitted). Circumstantial evidence alone may suffice "and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa. Super. 2012) (citations omitted). Sufficiency, therefore, is a pure question of law that we review *de novo*. *Jacoby*, 170 A.3d at 1076.

We find sufficient evidence of record from which a jury could conclude, beyond a reasonable doubt, that Thomas possessed the requisite *mens rea* of aggravated assault. Under Pennsylvania law, one commits aggravated assault when she or he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 P.C.S.A. § 2702(a)(1). "Serious Bodily Injury" is defined at 18 P.C.S.A. § 2301 as "injury

creating a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." While the parties agree on the definition of "serious bodily injury," they are at odds over how that phrase should be read in conjunction with the rest of the statute.

Thomas claims that, because none of the bullets that he fired actually hit Mr. Hasty, the issue before us is "whether the gunshots [he fired] at Mr. Hasty were [discharged] 'intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.'" Thomas Brief at 25 (*quoting* 18 P.C.S.A. § 2702(a)(1)). He takes these levels of intent from the statute's second clause (regarding actual injury) and imports them into its first (regarding only attempted injury). But the Commonwealth says that it had to prove the highest degree of culpability for aggravated assault by attempt – *i.e.*, intentionality. Commonwealth's Brief at 6. "Knowingly" and "recklessly" are lesser degrees of criminal culpability than "intentionally." Thus, Thomas' theory would actually make it easier for the Commonwealth to convict someone of aggravated assault based on attempt than the standard to which the Commonwealth is holding itself.

We will assume, without deciding, that the Commonwealth's heightened *mens rea* requirement is correct and that it must prove beyond a reasonable doubt that Thomas acted intentionally when he "attempt[ed] to cause serious bodily injury to another." 18 P.C.S.A. § 2702(a)(1). There are sufficient facts in the record to satisfy this higher burden.

The Commonwealth argues that Thomas':

> intent to cause serious bodily injury manifested [itself] when he fired multiple shots at Mr. Hasty after his car blocked his escape. ***See Commonwealth v. McCahnan***, 795 A.2d 412, 415-16 (Pa. Super. 2002) (holding firing a shot into a car and continuing to shoot as victims ran away sufficient to prove intent to cause serious bodily injury). After his car was struck by gunfire multiple times [and had its tire shot out], Mr. Hasty pulled his car over to the side of the road. [Thomas'] car then blocked his escape, and [Thomas] suspended himself from the passenger window and began to fire his gun directly at Mr. Hasty. Mr. Hasty – fearful for his life – drew his licensed firearm, and began firing back. Had [Thomas'] aim been better, or had Mr. Hasty not returned fire, he would likely be dead. The evidence was therefore sufficient to prove defendant had the requisite *mens rea* to inflict serious bodily injury on the victim.

Commonwealth's Brief at 7. The Commonwealth's reading of the record is entirely correct, and we adopt its analysis as our own. It was clearly Thomas' intent to do serious bodily injury to Mr. Hasty when he leaned out the window of the car and shot his gun at Mr. Hasty and his vehicle. Thus, the jury could reasonably have inferred Thomas' intent from this act of violence and hostility.

Thomas contends that the evidence of record was "more consistent with the kind of culpability wherein 'a person acts negligently.'" Thomas' Brief at 28. Criminal negligence is defined as a risk "of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." 18 Pa.C.S.A. § 302(b)(4). Based upon our above statement that intentionality is the highest level of *mens rea*, it is axiomatic that negligence

is a lower standard than intentionality. Thus, "[w]hen the law provides that negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally." 18 Pa.C.S.A. § 302(e). Because we found sufficient evidence to sustain the jury's finding of the highest degree of *mens rea*, Thomas' claim that the Commonwealth only offered proof of criminal negligence is untenable.

Finally, we address Thomas' claim that the Commonwealth presented no evidence that his firearm, which he repeatedly fired, was "operable." This utterly absurd proposition seeks to undermine Thomas' convictions of carrying a firearm without a license, carrying it in the public in Philadelphia, and possessing an instrument of crime. Throughout his brief, Thomas repeatedly recites facts of record where the Commonwealth proved beyond any doubt that his gun was operable, because Mr. Hasty testified that Thomas operated it. Thomas Brief at 7-8, 26, 28. An inoperable firearm does not produce muzzle flashes or bullet holes in cars. Thus, Thomas' claim that there was insufficient evidence to convict him of firearm-related charges is frivolous.

We turn now to Thomas' petition for allowance of appeal from the trial court's discretionary aspects of sentencing.

Before we will grant allowance of appeal under 42 Pa.C.S.A. § 9781(b), the petitioner "must invoke this Court's jurisdiction by satisfying a four-part test." **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010). First, the petition for allowance of appeal must have been filed within 30 days of the judgment of sentence under Pennsylvania Rules of Appellate Procedure 902

and 903.  Second, the petitioner must have properly preserved the issues for appeal by having raised them at the time of sentencing, or in a Pennsylvania Rule of Criminal Procedure 720 motion to reconsider or to modify the sentence.  Third, Pennsylvania Rule of Appellate Procedure 2119(f) requires a concise statement in appellant's brief to justify the allowance of appeal.   And, fourth, the Rule 2119(f) statement must present "a substantial question that the sentence imposed is not appropriate under" Chapter 97, Sentencing.  42 Pa.C.S.A. § 9781(b).  "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017).

The Commonwealth correctly points out that Thomas failed to fulfill the test's second prong – *i.e.*, failure to preserve issue for appellate review.  Commonwealth's Brief at 9.  It contends that he did not raise the issues he seeks to argue on appeal in either the sentencing proceeding or in his motion for reconsideration/resentencing.  ***Id.***  Indeed, Thomas admitted as much in his own brief.  Thomas' Brief at 42, n.1.  We agree with the Commonwealth (and Thomas) that Thomas did not properly preserve this issue for our review, because he failed to raise it to the trial judge in the first instance.  Because Thomas did not give the trial court an opportunity to rule upon the issues he would ask us to review, there is no underlying decision for this Court to assess.

We therefore conclude that Thomas did not afford the trial court proper opportunity to address his alleged errors regarding the discretionary aspects of sentencing prior to filing this petition for allowance of appeal.  He would,

- 7 -

instead, be raising them "for the first time on appeal." ***Commonwealth v. Foster***, 960 A.2d 160, 163 (***quoting*** Pennsylvania Rule of Appellate Procedure 302(a)).  This we cannot allow.  ***Id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/18