J-S76007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMINICK  BOOKER | : | |
| | : | No. 3436 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006260-2012

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                 **FILED MARCH 09, 2018**

Appellant, Dominick Booker, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. Booker challenges the sufficiency and weight of the evidence underlying his convictions as well as the length of his sentence. We affirm.

The relevant facts and procedural history are as follows. In the late afternoon of March 6, 2012, police received reports of gunshots on the 2200 block of North Van Pelt Street in Philadelphia. On their way to the scene, officers stopped Mumin Gilmore's vehicle and discovered Gilmore's passenger, Jowell Crawford, suffering from a gunshot wound to the left leg. After escorting Crawford to the hospital, the officers learned that another individual had arrived at the hospital with a similar injury. At the officers' request, Gilmore positively identified Booker as the individual involved in Crawford's shooting.

_____

* Retired Senior Judge assigned to the Superior Court.

Booker was charged for several crimes arising from this altercation and proceeded to a jury trial.

At trial, Crawford denied remembering the events surrounding his shooting, including the identity of the individual who shot him. However, the Commonwealth questioned Crawford extensively relative to Crawford's prior statement to police. Through that statement, Crawford informed the police that on the afternoon of March 6, 2012, he and a group of friends were in front of his home on the 2200 block of North Van Pelt in Philadelphia. At approximately 4:40 p.m., Booker approached the group and engaged in a brief verbal altercation with Crawford before walking away. Five minutes later, Booker approached the group again. One of Crawford's friends attempted to diffuse the situation, but Booker pushed him out of the way and began firing a gun at Crawford, ultimately striking him in the left leg. Crawford responded by drawing his own firearm, a .9 mm pistol, and returning fire. Crawford ran towards Dauphin Street, discarding his gun as he ran.

The Commonwealth also presented Gilmore's testimony. Right before the exchange of gunfire, Gilmore, who lived on the same block as Crawford, exited his home to drive to work. Gilmore testified that he noticed Crawford and Booker talking, and observed something in Booker's hand. Upon reaching his vehicle, Gilmore realized that Booker was holding a gun. Seconds later, Gilmore heard twelve to fifteen gunshots and took shelter in his car. After the gunshots ceased, Gilmore emerged from hiding only to see Booker fleeing towards Susquehanna Avenue and Crawford on the corner of Dauphin Street.

- 2 -

Gilmore approached Crawford, saw that he had been shot, and began to take him to the hospital. Gilmore recounted that the police stopped him, and later had him identify Booker at the hospital.

Finally, the Commonwealth presented a ballistics report showing that the police recovered thirteen fired cartridge casings from the scene. Eleven of these casings matched a .380 ACP pistol, while the remaining two casings matched a .9 mm pistol. Booker did not testify at trial.

After the close of evidence, the jury convicted Booker of aggravated assault, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possessing instruments of crime.[1] On July 15, 2016, the trial court sentenced Booker to an aggregate term of thirteen to twenty-six years' imprisonment.[2] This timely appeal follows.

On appeal, Booker challenges the sufficiency and weight of the evidence supporting the verdicts, as well as the discretionary aspects of the trial court's sentence.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 6106, 6108, and 907, respectively.

[2] Booker received a ten to twenty year sentence on his aggravated assault conviction, a three to six year sentence for his carrying a firearm without a license conviction, and a concurrent two to four year sentence for his possessing a firearm on public streets conviction. The trial court imposed no additional penalty for Booker's possessing an instrument of crime conviction.

Preliminarily, we find that Booker has waived any claim that the evidence supporting his possession of a firearm without a license and carrying firearms on public streets convictions was insufficient.

> [W]hen challenging the sufficiency of the evidence on appeal, the Appellant's [Rule] 1925[(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

**Commonwealth v. Garang**, 9 A.3d 237, 244 (Pa. Super. 2010) (internal citations and quotation marks omitted). While Booker claims to challenge the sufficiency of "the guilty verdicts," his Rule 1925(b) statement does not reference any element of these two convictions. Therefore, we find Booker's sufficiency claims for possession of a firearm and carrying a firearm on public streets, waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **Garang**, 9 A.3d at 244.

Moving to Booker's preserved claims, he challenges the sufficiency of the evidence underlying his aggravated assault conviction. Specifically, he contends the evidence was insufficient as Crawford "had impaired recollection of the shooting, testified that it was an attempted robbery committed by a 'tall man' and not the appellant, and no firearm was ever found in [Booker's] possession or in his home." Appellant's Brief, at 14. None of which goes to the sufficiency of the evidence. Those are weight of the evidence claims. Booker, however, does challenge the sufficiency of the evidence in his assertion that

- 4 -

that Crawford did not suffer serious bodily injury, as he only required brief hospital treatment for a gunshot wound to a non-vital body part.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

A person may be convicted of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally,

knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. An attempt to cause serious bodily injury "is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step towards perpetrating a serious bodily injury upon another…. [I]ntent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (citations and quotation marks omitted).

As noted, Booker focuses the majority of his argument on Crawford's "impaired recollection of the shooting." Appellant's Brief, at 14. That is a weight of the evidence claim, improperly raised under the guise of sufficiency. Moving to Booker's sole properly raised sufficiency claim, while the bullet to Crawford's leg may not have constituted "serious bodily injury" under the statute, we can infer Booker attempted to cause serious bodily injury by using a firearm to shoot at Booker—over ten times. *See also Commonwealth v. McCalman*, 795 A.2d 412, 416 (Pa. Super. 2002) (finding attempt to cause serious bodily injury where appellant shot into victim's occupied car at close range). Thus, we can conclude that the Commonwealth presented sufficient

evidence for the jury to conclude Booker "attempted to cause serious bodily injury" to Crawford. As such, his sufficiency argument fails.

Next, Booker challenges the weight of evidence underlying his convictions. Booker maintains the inconsistencies between Crawford's initial statement to police and his trial testimony indicates that the verdicts were against the weight of the evidence.[3] This, Booker contends, shocks the conscience, and requires the grant of a new trial.

We do not review challenges to the weight of the evidence *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**. "[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

> A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

---

[3] Booker also argues the inconsistencies between Booker's statement and trial testimony indicate that police officers coerced Booker's statement. However, Booker failed to allege any sort of coercion in his Rule 1925(b) statement. Therefore, we find this line of argument waived. **See** Pa.R.A.P. 1925(b)(vii).

***Commonwealth v. Cruz***, 919 A.2d 279, 282 (Pa. Super. 2007) (citation omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009) (citations omitted).

Here, the trial court, mindful of the appropriate legal standard, carefully reviewed the inconsistencies between Crawford's police statement and trial testimony alongside the ballistics evidence and Gilmore's testimony. The trial court concluded that because Crawford's statement to the police matched Gilmore's testimony and the ballistics evidence, this evidence was reliable enough for the jury to have based their verdict upon. Thus, the trial court concluded that the jury's verdict did not shock its conscience, and denied Booker a new trial.

After reviewing the transcripts and Crawford's statement to police, we conclude that that the trial court accurately and completely reviewed the record. Thus, we find no abuse of discretion in its denial of Booker's challenge to the weight of the evidence and, consequently, a new trial. The figure of Justice remains rooted to her pedestal.

Finally, Booker challenges his aggregate sentence of thirteen to twenty-six years' imprisonment. Booker argues this sentence, which exceeds the

aggravated range in the guidelines, is excessive and manifestly unreasonable in light of mitigating factors.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Booker preserved his issue through a timely post-sentence motion and filed a timely appeal. And counsel has included the requisite Rule 2119(f) statement. Thus, we must determine if Booker has raised a substantial question for our review.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal,

which are necessary only to decide the appeal on the merits." *Id*. (citation omitted); *see also* Pa.R.A.P. 2119(f).

Booker "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted).

Booker's claim in his Rule 2119(f) statement[4] is that the trial court imposed an excessive sentence on the aggravated assault conviction, which exceeded the guidelines by fourteen months, while failing to properly consider

---

[4] He makes other claims in his brief, but "we cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted). The sentencing issue is not even listed in his statement of questions presented. *See* Appellant's Brief, at 7.

 We highly recommend Booker's counsel review Rule 2119(f). The Rule provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. **The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.**

(emphasis added).

mitigating factors such as familial support and work history. These mitigating factors were of record. Neither contention raises a substantial question for our review. *See Commonwealth v. Titus*, 816 A.2d 251, 255-256 (Pa. Super. 2003) (bald assertion of excessiveness does not raise a substantial question); *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.") Even if we had reviewed this claim on the merits, we would have found the trial court did not impose an unreasonable sentence.

"[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007) (citation omitted).

In imposing a sentence, the court must consider relevant statutory factors, including "the protection of the public, the gravity of an offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the

sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

The court may depart from the "guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it related to the impact on the life of the victim and the community[.]" *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (citation omitted). If the court imposes a sentence outside the guideline ranges, it must place adequate reasons for the deviation in the record. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 129-130 (Pa. Super. 2006).

At sentencing, the trial court considered the need to protect the public, the gravity of the offenses, the rehabilitative needs of the defendant, and other mitigating factors. *See* N.T. Sentencing, 7/15/16, at 15. The trial court referenced the guidelines and was aware that the sentences imposed departed from the sentencing guidelines. *See id*., at 5, 16. However, the court determined that it needed to depart from the guidelines due to Booker's lack of remorse and the court's previous failed attempts at rehabilitation. *See id*., at 15-16.

After reviewing the record, we would not have found that the trial court abused its discretion by imposing this sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/18