J-S21044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                           :            PENNSYLVANIA
                                                          :
                      v.                                 :
                                                           :
JIRIES AYOUB                          :
                                                           :
                  Appellant           :     No. 1394 EDA 2020

Appeal from the Judgment of Sentence Entered December 11, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001214-2019

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED NOVEMBER 29, 2021**

Appellant, Jiries Ayoub, appeals from the judgment of sentence of 8 years and 4 months to 16 years and 8 months' incarceration, imposed after he was convicted at a bench trial of aggravated assault, simple assault, reckless endangerment, and possession of an instrument of crime.[1]  For the reasons set forth below, we affirm.

The facts out of which this case arises, as found by the trial court, are as follows:

> On February 15, 2019, officers of the Marple Police Department were dispatched to 2221 Winding Way in Marple Township for the report of a domestic matter between a father and a son. The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1), 2701, 2705, and 907, respectively.

victim [Appellant's father (Victim)] had attempted to wake [Appellant], and a short time later, when [Victim] was back in his own bedroom, [Appellant] kicked the door heavily. To protect himself, [Victim] grabbed a machete and cracked the door enough to show it to [Appellant], who was 3-4 feet away from the door at that time. At that time, [Appellant] began shooting [Victim] with [a] pellet gun, and then the police arrived. Upon arrival at the premises, the officers observed [Victim] who was visibly shaken, in pain, injured, and had blood on the sleeve of his shirt. … Officers took pictures of the scene and gathered evidence, [Appellant] was taken into custody and [Victim] was sent for medical treatment by ambulance.

Trial Court Opinion at 5.

A preliminary hearing was held on February 25, 2019, at which Victim testified and charges against Appellant of aggravated assault, simple assault, reckless endangerment, and possession of an instrument of crime were held over for trial. Appellant was represented by counsel at the preliminary hearing and Appellant's counsel cross-examined Victim at length. N.T., 2/25/19, at 3, 19-36, 39-42. On October 22, 2019, Appellant waived his right to a jury trial and a bench trial was held on October 22, 2019 and October 25, 2019.

At this trial, two of the police officers who came to the scene immediately after the incident testified, but Victim failed to appear. At the start of the trial, the Commonwealth advised the trial court that Victim had been subpoenaed by the Commonwealth to appear that day and that an attorney for Victim had advised that Victim intended to assert his Fifth Amendment right against self-incrimination and would not testify or appear in court. N.T., 10/22/19, at 10-11. Counsel for Victim was present and confirmed that he had repeatedly advised Victim to come to court and that

Victim chose not to appear. *Id.* at 11-12. At the Commonwealth's request, the trial court issued a material witness warrant for Victim. *Id.* On October 25, 2019, when the trial resumed, the Commonwealth represented that the sheriff's office and police had been looking for Victim for three days and had not succeeded in arresting Victim on the warrant and requested that it be allowed to introduce in evidence Victim's testimony from the preliminary hearing. N.T., 10/25/19, at 6-7, 14. After examining Victim's preliminary hearing testimony, the trial court ruled that Victim was unavailable and that Appellant had a full and fair opportunity to cross-examine Victim at the preliminary hearing and admitted Victim's preliminary hearing testimony. *Id.* at 11-13.

At the close of the evidence, the trial court found Appellant guilty of aggravated assault, simple assault, reckless endangerment, and possession of an instrument of crime. N.T., 10/25/19, at 56; Verdict. On December 11, 2019, the trial court sentenced Appellant to 84 months to 168 months' incarceration for his aggravated assault conviction and a consecutive term of 16 months to 32 months' incarceration for possession of an instrument of crime, resulting in an aggregate sentence of 8 year and 4 months to 16 years and 8 months. N.T., 12/11/19, at 15; Sentencing Order.[2]  Appellant filed a

---

[2] The trial court imposed no sentence for the reckless endangerment and simple assault convictions on the ground that they merged with the aggravated assault conviction. N.T., 12/11/19, at 15; Sentencing Order.

timely post-sentence motion seeking a new trial on the grounds that the admission of Victim's preliminary hearing was erroneous and that the verdict was against the weight of the evidence, seeking a judgment of acquittal on the aggravated assault charge for insufficiency of the evidence, and seeking reconsideration and modification of sentence. Following the denial of his post-sentence motion by operation of law, Appellant timely appealed from his judgment of sentence.

Appellant presents the following issues for our review in this appeal:

1. Whether the verdict of guilty of Aggravated Assault, Recklessly Endangering another Person and Possession of Instruments of Crime, are against the weight of the evidence, where the verdicts were based principally on the preliminary hearing testimony of an absent witness, and the testimony is so contradictory and inconclusive that no findings could be made with respect to the crimes charged?

2. Whether the verdict of guilty of Aggravated Assault is based on insufficient evidence, where testimony showed only that Appellant fired a pellet gun at a door at a time when the victim exposed his arm outside the door?

3. Whether the trial court erred and abused its discretion in admitting prior preliminary hearing testimony of an absent witness, where the record fails to demonstrate that the Commonwealth, as the proponent of the evidence, made reasonable efforts to procure the attendance of the witness at trial?

4. Whether the trial court erred and abused its discretion where the sentence imposed upon Appellant is overly harsh and manifestly excessive, imposed a sentence [that] is based on ill will and animus towards the Appellant, and where the trial court improperly interpreted Appellant's silence at sentencing as a lack of responsibility and remorse?

Appellant's Brief at 5-6.

We address Appellant's third issue, the admission of Victim's preliminary hearing testimony, first, as the weight and sufficiency of the evidence issues involve consideration of that testimony. Admission of the preliminary hearing testimony of a witness who is unavailable at trial is permissible under Rule 804(b)(1) of the Pennsylvania Rules of Evidence and does not violate the defendant's right of confrontation if the defendant was represented by counsel at the preliminary hearing and had a full and fair opportunity to cross-examine the witness at the preliminary hearing. ***Commonwealth v. Wholaver***, 989 A.2d 883, 901-05 (Pa. 2010); ***Commonwealth v. Mitchell***, 152 A.3d 355, 358-59 (Pa. Super. 2016); ***Commonwealth v. Leak***, 22 A.3d 1036, 1043-47 (Pa. Super. 2011).

If the defendant was not denied vital impeachment evidence, such as a prior inconsistent statement by the witness, the witness's criminal record, or pending criminal charges against the witness, and defense counsel was not restricted in his cross-examination, the fact that defense counsel did not cross-examine the witness as extensively as he would have at trial does not constitute a deprivation of the right of confrontation and does not constitute grounds for exclusion of an unavailable witness's preliminary hearing testimony. ***Commonwealth v. Leaner***, 202 A.3d 749, 775 (Pa. Super. 2019); ***Mitchell***, 152 A.3d at 359; ***Leak***, 22 A.3d at 1045. "The Commonwealth may not be deprived of its ability to present inculpatory evidence at trial merely because the defendant, despite having the

opportunity to do so, did not cross-examine the witness at the preliminary hearing as extensively as he might have done at trial." *Leaner*, 202 A.3d at 775 (quoting *Leak*). The burden is on the defendant to show that he was denied vital impeachment evidence at the time of the preliminary hearing. *Leaner*, 202 A.3d at 775; *Leak*, 22 A.3d at 1044.

The record shows that Appellant had a full and fair opportunity to cross-examine Victim at the preliminary hearing. Appellant was represented by counsel at the preliminary hearing, his counsel was not restricted in his cross-examination of Victim, and his counsel in fact cross-examined Victim at length. N.T., 2/25/19, at 3, 19-36, 39-42. Appellant does not identify any evidence that he needed to fully cross-examine Victim that he was denied at the time of the preliminary hearing.

Rather, the error that Appellant asserts with respect to the admission of Victim's preliminary hearing testimony is that an insufficient showing was made that Victim was unavailable to testify at trial. A witness is unavailable and his prior testimony may be introduced only if the party seeking to introduce the prior testimony shows that it made a good faith effort to locate the witness and compel his attendance. *Commonwealth v. Blair*, 331 A.2d 213, 214 (Pa. 1975); *Commonwealth v. Cruz–Centeno*, 668 A.2d 536, 541 (Pa. Super. 1995). Whether a sufficient good-faith effort to obtain the witness's attendance has been shown is a matter within the trial court's discretion and the trial court's determination that the witness was unavailable

cannot be reversed unless an abuse of discretion is shown. ***Commonwealth v. Douglas***, 737 A.2d 1188, 1196 (Pa. 1999); ***Commonwealth v. Jackson***, 344 A.2d 842, 844 (Pa. 1975); ***Commonwealth v. Lebo***, 795 A.2d 987, 990 (Pa. Super. 2002).

Here, the Commonwealth had subpoenaed Victim and when he did not appear, obtained a material witness warrant for his appearance. N.T., 10/22/19, at 10-12. The Commonwealth also represented that following the issuance of the material witness warrant, the sheriff's office and police actively and unsuccessfully looked for Victim for three days to bring him into court on that warrant. N.T., 10/25/19, at 6, 14. Appellant did not dispute that the Commonwealth had made these substantial efforts to bring Victim in to testify or contend that there was some additional type of search that might have located Victim, but instead argued to the trial court that Victim's preliminary hearing could not be admitted because he had not had a full and fair opportunity to cross-examine at the preliminary hearing. ***Id.*** at 7-10. Only after the trial court ruled that Appellant had a full and fair opportunity to cross-examine and that the preliminary hearing testimony was admissible, did Appellant raise any issue concerning ability to obtain Victim's attendance at trial, and even then he only requested that the trial court delay the trial to have "a little bit more time to actually pick up the victim," and did not question the extent of the Commonwealth's efforts to find Victim. ***Id.*** at 13. Under these circumstances, the trial court did not abuse its discretion in concluding

that the Commonwealth had shown that it made a good-faith effort to obtain Victim's attendance at trial. **Compare Jackson**, 344 A.2d at 844 (good-faith effort shown and prior testimony was properly admitted where Commonwealth had notified witness's grandmother that he would be called as a witness, she had witness released to her custody, and witness absconded) **with Lebo**, 795 A.2d at 990 (Commonwealth did not show good faith effort and prior testimony was inadmissible where Commonwealth did not represent that it had subpoenaed the witness).

Moving to Appellant's other issues, Appellant in his first issue contends that the trial court erred in denying a new trial because its verdict was against the weight of the evidence. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the evidence at trial was so weak or the verdict was so contrary to the evidence that the verdict shocks the conscience of the trial court. **Commonwealth v. Gilliam**, 249 A.3d 257, 269-70 (Pa. Super. 2021); **Commonwealth v. Antidormi**, 84 A.3d 736, 758 (Pa. Super. 2014).

Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. **Commonwealth v. Clemons**, 200 A.3d 441, 463-64 (Pa. 2019).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest

consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

***Antidormi***, 84 A.3d at 758 (quoting ***Commonwealth v. Clay***, 64 A.3d 1049 (Pa. 2013)) (brackets omitted). Here, the trial court concluded that the guilty verdict on the evidence before it did not shock the conscience. Trial Court Opinion at 8.

Appellant argues that Victim's preliminary hearing testimony was so confused and vague that a verdict based on that evidence must be held to shock the conscience. We do not agree. While the Victim's testimony shows some confusion about the time of day and precise sequence and time of some events, Victim testified clearly and unequivocally that he saw Appellant fire a pellet gun at him, that Appellant repeatedly kicked and shot at the door of Victim's bedroom door, and that Appellant shot him in the arm with the pellet gun. N.T., 2/25/19, at 10-11, 13-15, 32, 36-38, 40-42. Victim also testified that he picked up a knife only after Appellant began acting violently and only showed it to Appellant from several feet away. ***Id.*** at 11, 13-14, 31-34.

Moreover, Victim's testimony was corroborated by other evidence. The police witnesses, a police sergeant and a detective, testified that when they arrived at the scene, they found Victim in pain with bleeding wounds on his right arm that were consistent with pellet wounds. N.T., 10/22/19, at 19-21, 35-36; N.T., 10/25/19, at 21, 33, 36. The detective testified that he found a .177-caliber pellet gun containing a $CO_2$ cartridge, boxes of .177-caliber

pellets, and two spent $CO_2$ cartridges in Appellant's room. N.T., 2/22/19, at 22-28, 48. The police witnesses testified that the door to Victim's bedroom had 15 holes that matched the .177-caliber pellets, that its molding was split off consistent with having been hit with significant force, and that the door to Appellant's bedroom was not damaged. N.T., 10/22/19, at 29-34, 49-50; N.T., 10/25/19, at 18, 31, 34-36. The police witnesses also testified that there was no blood on Victim's knife or any indication from its condition that it had been used in a fight and that when he was arrested, photographed, and fingerprinted that day, Appellant had no injuries or marks on his body. N.T., 10/22/19, at 36-42; N.T., 10/25/19, at 19-20, 33-34.

Appellant also argues that Victim's testimony could not be found credible because Victim had expressed an intent to invoke his right against self-incrimination. A witness's refusal to testify on grounds that his testimony may incriminate him can raise a permissible inference that his testimony at a prior hearing was false. **Commonwealth v. Melson**, 637 A.2d 633, 640 (Pa. Super. 1994); **Commonwealth v. Crosland**, 580 A.2d 804, 810 (Pa. Super. 1990). This rule, however, is not applicable here. Victim did not in fact invoke his Fifth Amendment right in court and Victim's prior testimony was ruled admissible because he was not found despite good-faith efforts of the Commonwealth to procure his appearance at trial, not because he claimed self-incrimination. Moreover, this rule only requires that the fact finder be aware that the witness invoked his right to self-incrimination and the possible

- 10 -

inference that the prior testimony was false, not that the fact finder cannot find the prior testimony credible or sufficient to support a guilty verdict. Here, the trial court was fully aware of Victim's expressed intent to invoke his right against self-incrimination and the trial court was not precluded from finding that Victim's prior testimony, which was corroborated by other evidence, was credible.

Because the trial court did not abuse its discretion in finding Victim's preliminary hearing testimony credible and in finding that its guilty verdict does not shock the conscience, Appellant's contention that he is entitled to a new trial on weight of the evidence grounds is without merit.

In his second issue, Appellant argues that the evidence was insufficient to support his aggravated assault conviction. This argument likewise fails.

Our standard of review in a challenge to the sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Steele*, 234 A.3d 840, 845 (Pa. Super. 2020) (quoting

*Commonwealth v. Colon-Plaza*, 136 A.3d 521 (Pa. Super. 2016)) (citations

omitted, brackets in original).

Appellant argues that the evidence was insufficient to prove aggravated

assault because the injuries suffered by Victim did not constitute serious bodily

injury. Proof that the victim suffered serious injury, however, is not required

to prove the offense of aggravated assault. 18 Pa.C.S. § 2702(a)(1); *Steele*,

234 A.3d at 845; *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa.

Super. 2001). Section 2702(a) of the Crimes Code provides in relevant part

that

> [a] person is guilty of aggravated assault if he:
> (1) **attempts to cause serious bodily injury to another**, or
> causes such injury intentionally, knowingly or recklessly under
> circumstances manifesting extreme indifference to the value of
> human life[.]

18 Pa.C.S. § 2702(a)(1)(emphasis added). "Under the plain language of [this

statute], the Commonwealth need only show that the defendant attempted to

cause serious bodily injury to another, not that serious bodily injury actually

occurred." *Steele*, 234 A.3d at 845.

Evidence that the defendant fired a gun at another person, whether

directly, by shooting at an occupied room, or by shooting at a closed door that

separated the defendant from the victim, is sufficient to prove an attempt to

cause serious bodily injury and satisfy the essential elements of aggravated

assault, even if no injury occurred. *Steele*, 234 A.3d at 845-46;

*Commonwealth v. McCalman*, 795 A.2d 412, 415-16 (Pa. Super. 2002); *Galindes*, 786 A.2d at 1012; *Commonwealth v. Rosado*, 684 A.2d 605, 608-10 (Pa. Super. 1996); *Commonwealth v. Baj*, 1186 EDA 2019, slip op. at 5-7 (Pa. Super. May 4, 2020) (unpublished memorandum). Here, there was evidence before the trial court that Appellant fired a pellet gun at Victim and fired the pellet gun at the door of Victim's bedroom at least 15 times, knowing that Victim was inside the bedroom. N.T., 2/25/19, at 13-15, 34, 36-38, 40-42; N.T., 10/22/19, at 30-32, 34.

The fact that the weapon that Appellant fired at Victim was a pellet gun does not preclude a finding that he intended and attempted to cause serious bodily injury. The police sergeant testified that Appellant's $CO_2$-powered pellet gun was more powerful than a BB gun and can put out an eye or can cause death if an artery is hit with the pellet. N.T., 10/25/19, at 20-21, 32-33. A $CO_2$-powered pellet gun is a deadly weapon under the Crimes Code. 18 Pa.C.S. § 2301 (defining "deadly weapon" as including "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury"); *Commonwealth v. Ramos*, 920 A.2d 1253, 1260 (Pa. Super. 2007) (pneumatic or carbon dioxide powered BB gun is deadly weapon because it is capable of producing death or serious injury).

In his final issue, Appellant challenges his sentence as excessive. Appellant concedes that his sentence is within the sentencing guidelines,

- 13 -

Appellant's Brief at 48 n.5, but asserts that the trial court failed to take into account his rehabilitative needs, that a comment made by the trial court at the sentencing hearing shows that the sentence was the product of animus and ill-will toward Appellant, and that the trial court impermissibly based its sentence on Appellant's failure at sentencing to admit guilt or take responsibility for his actions.

These arguments are challenges to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right and may be considered only where the appellant has preserved the issue in the trial court at sentencing or in a motion for reconsideration of sentence, the appellant has included in his brief a concise statement of the reasons relied on for his challenge to the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and the challenge to the sentence raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Lucky**, 229 A.3d 657, 663-64 (Pa. Super. 2020) **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); **Antidormi**, 84 A.3d at 759.

Appellant has satisfied the first two of these three requirements. Appellant filed a motion for reconsideration and modification of sentence raising the same arguments that he asserts in this appeal. Appellant's Post-Sentence Motion at 6-7. Appellant has also included in his brief a separate

Rule 2119(f) concise statement of the reasons relied on for his challenges to the discretionary aspects of his sentence. Appellant's Brief at 45.

We conclude that Appellant has raised a substantial question, but only with respect to his claims that the sentence was based on animus and ill will and on Appellant's failure to take responsibility at sentencing. A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. *Lucky*, 229 A.3d at 664; *Antidormi*, 84 A.3d at 759; *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013).

Where, as here, the sentence is not extreme in length and it is undisputed that the sentence imposed is within sentencing guidelines and that the trial court considered the defendant's history, a claim that the trial court did not consider the defendant's rehabilitative needs does not present a substantial question. *Commonwealth v. Watson*, 228 A.3d 928, 935-36 (Pa. Super. 2020); *Griffin*, 65 A.3d at 936-37; *Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa. Super. 2008); *but see Commonwealth v. Caldwell*, 117 A.3d 763, 767, 769-70 (Pa. Super. 2015) (*en banc*) (failure to consider defendant's rehabilitative needs coupled with excessiveness claim presented a substantial question where aggregate sentence was 31-62 years in prison). In contrast, an allegation of bias in sentencing implicates the fundamental norms of sentencing and thus raises a substantial question.

*Lucky*, 229 A.3d at 664; *Commonwealth v. Corley*, 31 A.3d 293, 297 (Pa. Super. 2011). In addition, a claim that the trial court based its sentence on the defendant's silence at sentencing is a claim that the trial court based its sentence on an improper factor and therefore presents a substantial question. *Commonwealth v. Bowen*, 975 A.2d 1120, 1122 (Pa. Super. 2009). Therefore, we proceed to consider the merits of Appellant's claims that his sentence was the result of animus and ill will and that the trial court impermissibly based its sentence on Appellant's failure to take responsibility at sentencing.

Both of these challenges to Appellant's sentence fail on the merits. Cases where a sentence has been vacated as the product of animus toward the defendant based on statements of the trial judge at sentencing have involved both repeated statements by the trial judge showing hostility and imposition of a maximum sentences or a sentence that far exceeds the sentence here. *Lucky*, 229 A.3d at 665-70 (trial judge increased defendant's sentence for a technical probation violation to the maximum sentence after becoming frustrated with him during sentencing and expressed hostility toward district attorney's office when it advocated a lesser sentence); *Commonwealth v. Williams*, 69 A.3d 735, 742-49 (Pa. Super. 2013) (vacating sentence of approximately 24 to 48 years for bias where trial judge made characterizations of the defendant as a "pathological liar" and "classic sociopath" that were unsupported by the record and indicated that he was

judging the defendant based on her gender); ***Commonwealth v. Spencer***, 496 A.2d 1156, 1163-65 (Pa. Super. 1985) (vacating 35-70 year sentence for bias where trial judge repeatedly referred to the defendant as an "animal" and called him "Punk").

Here, the only statement by the trial court that Appellant contends shows bias or animus against him was its statement that "Santa gave me a present this year. He gave me you to sentence. And I have to thank Santa for that." N.T., 12/11/19, at 15. This statement was made by the trial court immediately after Appellant interrupted the court as it was imposing sentence and the trial court explained in its opinion that the remark was a tongue-in-cheek comment in response to Appellant's attempt to interrupt the sentencing, not an expression of pleasure at being given the opportunity to sentence Appellant. ***Id.***; Trial Court Opinion at 12. Moreover, the trial court amply explained the reasons for the sentence that it imposed, N.T., 12/11/19, at 12-15, and the sentence was within the sentencing guidelines and significantly less than the maximum sentence for the offenses of which Appellant was convicted. Given these facts, the trial court's isolated comment does not rise to the level of showing bias or animus or ill will toward Appellant.

The trial court also did not impermissibly base Appellant's sentence on his decision not to admit guilt at sentencing. Where the defendant has maintained his innocence and has invoked his Fifth Amendment right to remain silent, a sentencing court may not rely on the defendant's decision to

- 17 -

remain silent at sentencing as the sole basis for concluding that the defendant has not shown remorse. **Bowen**, 975 A.2d at 1127-28. At the sentencing in this case, the trial court did state that Appellant "has not taken responsibility for this case. He's had an opportunity to address this Court, chooses not to, shows no remorse or responsibility." N.T., 12/11/19, at 14. The trial court, however, did not base its conclusion that Appellant lacked remorse solely on his silence; it also relied on Appellant's prison phone calls attempting to induce Victim to recant his testimony and lie about the attack in concluding that Appellant showed no remorse. **Id.** at 10, 14. Moreover, even where the trial court has erroneously found lack of remorse based solely on the defendant's silence at sentencing, that does not constitute grounds for vacating the sentence where the record shows that the trial court set forth significant reasons for its sentence that are unconnected to the defendant's silence. **Bowen**, 975 A.2d at 1127-28. Here, the record shows that the trial court based Appellant's sentence on the violent nature of the offense and Appellant's extensive criminal history, which included violent crimes. N.T., 12/11/19, at 12-15.

For the foregoing reasons, we conclude that none of the issues raised by Appellant merits relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/29/2021